**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq., State Bar No. 227896
sk@consumerlitigationlawcenter.com
Sholi Goodman, Esq., State Bar No. 287465
sg@consumerlitigationlawcenter.com
100 North Citrus St. Suite 408
West Covina, California 91791
Tel.: (800) 787-5616 | Fax: (888) 909-7947

Attorneys for Plaintiff PEDRO SORIANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SORIANO,<br><br>              Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; NDEX WEST, LLC, a Delaware Limited Liability Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>              Defendants. | CASE NO:  5:13-cv-02065-JGB-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:<br>Date:       March 10, 2014<br>Time:       9:00 a.m.<br>Judge:      Hon. Jesus G. Bernal<br>Location:  Courtroom 1 |

/ / /

/ / /

1

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff, PEDRO SORIANO, herein submits his Opposition to Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION's Motion to Dismiss the First Amended Complaint.  Plaintiff opposes Defendant's Motion to Dismiss on grounds that the First Amended Complaint pleads sufficient facts to state each and every cause of action alleged therein, and that Defendant's Motion to Dismiss is brought without merit.

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities in support thereof, on the complete files and records of this action, and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.

Dated:  February 18, 2014      CONSUMER LITIGATION LAW CENTER, APC

BY:  __/s/ Sholi Goodman__ _____
        September J. Katje, Esq.
        Sholi Goodman, Esq.
        Attorneys for Plaintiff, PEDRO SORIANO

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................1

II.    STATEMENT OF FACTS .....................................................................1

III.   LEGAL STANDARD ...........................................................................2

IV.    ARGUMENT.........................................................................................3

    A.   HOLA Does Not Preempt The COAs Alleged In The FAC. ...................3

     1.  Loan Origination Claims Are Not Preempted.........................................3

     2.  Wrongful Foreclosure Claims Are Not Preempted. ...............................5

     3.  Bad Faith Modification Review Claims Are Not Preempted. .................7

    B.  Plaintiff Is Not Estopped From Bringing His Claims Due to An Earlier Bankruptcy Filing. ...............................................................................8

    C.  A Prior Class Action Settlement Does Not Bar Plaintiff's Claims. ...........9

    D. The First COA for Fraud In Loan Origination Is Sufficiently Pleaded To Withstand A Motion To Dismiss...............................................................10

    E. The Second, Third, and Fourth COAs for UCL Violations Are Sufficiently Pleaded To Withstand a Motion to Dismiss. .......................13

    F.  The Fifth COA For Wrongful Foreclosure Is Meritorious. ....................15

    G. The Sixth COA For RESPA Pleads Sufficient Damages.........................17

    H.  The Seventh COA For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Is Sufficiently Pleaded. ..........................................18

    I. The Eighth COA For Reformation Is Sufficiently Pleaded. ......................18

    J.  Wells Fargo Can Be Liable For Violating *Civil Code* § 1632..................19

    K. Plaintiff Properly Pleads The Tenth COA for Quiet Title.......................20

V.     CONCLUSION ..................................................................................20

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## Cases

*Allen v. United Fin. Mortg. Corp.,* 660 F. Supp. 2d 1089, 1097 ............................17

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163 .....15

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993)...................................3

*Committee on Children's Television v. General Foods Corp.*(1983) 35 Cal.3d 197, 211…………………………………………………………………..11,12,15

*Conley v. Gibson*, 355 U.S. 41 (1957) ......................................................................3

*Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 947...................................................8

*Daum v. SpineCare Medical Group, Inc.* (1997) 52 Cal.App.4th 1285 ...................6

*Fenning v. Glenfield, Inc.* (1995) 40 Cal.App.4th 1285 ...........................................4

*Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000).....................9, 13

*Gibson v. World Savings and Loan Ass'n.* (2002) 103 Cal.App.4th 1291 ...........4, 7

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997)...................................2

*Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393 ................................................................................................................17

*Hansberry v. Lee* (1940) 311 U.S. 32, 42-43.......................................................9, 13

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993) ......................................3

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291................................19

*Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 ...............................17

*In re Ocwen Loan Servicing, LLC Mortg. Servicing Lit.* (7th Cir. 2007) 491 F.3d 638 ............................................................................................................................5

*Lane v. Vitek Real Estate Industries Group* (2010) 713 F.Supp.2d 1092, 1097–98 ................................................................................................................................16

*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326...................................................12

*Mabry v. Sup. Ct.* (2010) 185 Cal.App.4th 208, 221 ..............................................6

*Massachusets Mutual Life Ins. Co. v. Sup. Ct.* (2002) 97 Cal.App.4th 1282, 1295 ........................................................................................................... 12, 14

*New Hampshire v. Maine* (2001) 532 U.S. 742, 749................................................8

*Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 52487 ...........................16

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007)
   157 Cal.App.4th 835 ........................................................................12

*Onofrio v. Rice*, (1997) 55 Cal. App. 4th 413, 424......................................19

*People v. Orange County Charitable Servs.* (1999) 74 Cal.App.4th 1054, 1076
   .................................................................................... …11, 15

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987)...............3

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ...................................................3

*Schnall v. Hertz Corp*. (2000) 78 Cal.App.4th 1144, 1167 .............................. 11, 15

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency* (9th
   Cir. 2003) 322 F.3d 1064, 1077 .......................................................9

*Wigwood v. Wells Fargo* (7th Cir. 2012) 673 F.3d 547, 577 ........................5, 6

**Statutes**

12 C.F.R. § 560.2(b)(4) ...................................................................4

12 C.F.R. §§ 560(a)–(c) ............................................................ 4, 5, 8

12 U.S.C. § 2605(e)(3) ..................................................................17

Cal. *Bus. & Prof.* Code § 10240(d)...................................................19

Cal. *Bus. & Prof. Code* § 17200 ............................................. 4, 13,15

Cal. *Civ. Code* § 1632 ...................................................................19

Cal. *Civ. Code* §  1632(B)...............................................................4

Cal. *Civ. Code* § 1632(k) ...............................................................19

Cal.  *Civ. Code* § 2923.5 ............................................................6, 15

Cal. *Civ. Code* § 2923.5(a)(1) ..........................................................6

*Civ. Code* § 2923.5(a)(1)(A) ...........................................................15

**Rules**

Federal Rule of Civil Procedure 9(b)...................................................11

Fed. R. Civ. P. 12(b)(6)...............................................................2, 3

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Treatises**

IIC, Opinions of the OTS Chief Counsel, Dec. 24, 1996, 1996 WL 767462............4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On December 10, 2013, Plaintiff PEDRO SORIANO ("Plaintiff") filed his First Amended Complaint ("FAC") containing factual allegations against WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo") and NDEX WEST, LLC, a Delaware Limited Liability Corporation ("NDEX West") sufficient to support denying Wells Fargo's Motion to Dismiss the FAC in its entirety.   Plaintiff carefully considered every allegation in Wells Fargo's prior Motion to Dismiss Plaintiff's Complaint and addressed those issues in filing the FAC against Defendants. Still, Wells Fargo has filed a Motion to Dismiss the FAC in its entirety rather than file an Answer, which for the reasons set forth below should be overruled in its entirety because the FAC, and all causes of action alleged therein, are sufficiently pled to survive a Motion to Dismiss.

## II.    STATEMENT OF FACTS

In or about late 2006, an Agent from Wells Fargo's predecessor in interest solicited Plaintiff by phone to refinance his home ("Subject Property").   FAC ¶ 17.   Wells Fargo's Agent informed Plaintiff the loan included a thirty year term with interest only payments for the first five years but concealed from Plaintiff that the loan balance would grow due to negative amortization and quickly become unaffordable. FAC ¶¶ 20–21.  In reliance on the representations of Wells Fargo's Agent, Plaintiff executed an adjustable rate note and deed of trust ("Loan Agreement").

Plaintiff began having difficulty making monthly payments on the Loan Agreement in 2009 and contacted Wells Fargo's predecessor in interest at that time—Wachovia Mortgage, FSB—for assistance as the servicer of the Loan Agreement.   FAC ¶ 22.   Wells Fargo and its predecessors in interest refused to assist Plaintiff and repeatedly denied his loan modification application with little or no explanation as to how he did not qualify for a loan modification program.

*Id.* As alleged in the FAC, Wells Fargo was actually bound by a class action settlement to provide modification to borrowers, but failed to assist Plaintiff or assess Plaintiff for a modification in good faith. FAC ¶¶ 23–24.

After Wells Fargo repeatedly refused to review Plaintiff for a loan modification in good faith, and after Plaintiff discovered the predatory terms of the loan that were not disclosed to him and that he was not aware of at the time he executed the Loan Agreement, Plaintiff filed a Complaint against Defendants on October 3, 2013, and the FAC on December 10, 2013. The FAC alleges eleven (11) causes of action ("COAs") against Defendants based essentially on the operative set of facts referenced above.

Wells Fargo now moves to dismiss every COA alleged in the FAC on primarily six theories: (1) the Home Owners' Loan Act ("HOLA") preempts Plaintiff's claims; (2) Plaintiff's claims are barred by judicial estoppel and equitable estoppel due to Plaintiff's March 12, 2013 bankruptcy petition; (3) Plaintiff's claims are barred by res judicata due to a class action settlement; (4) the FAC does not plead its claims with sufficient particularity to withstand a motion to dismiss (5) Plaintiff lacks standing to bring his claims; and (6) several of Plaintiff's claims fail for lack of consideration.

In reality, and as further set forth below, the FAC sufficiently pleads each and every COA alleged therein and Wells Fargo's motion to dismiss both misstates the allegations in the FAC and misapplies applicable law to make its erroneous arguments. Therefore, and as addressed in detail below, Plaintiff respectfully requests that this Court deny Wells Fargo's motion to dismiss in its entirety and require that Wells Fargo answer the FAC.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motions to dismiss are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)

(citation omitted).  The standard for dismissal under FRCP 12(b)(6) is a stringent one:  "[a] complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief."  See *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added).  The purpose of an FRCP 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief in the complaint.  See *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Plaintiff's claims alleged in the FAC are wholly supported by factual allegations.  Consequently, Well's Fargo's motion to dismiss should be denied.

## IV.   ARGUMENT

### A.   HOLA Does Not Preempt The COAs Alleged In The FAC.

Wells Fargo first contends that ten of the eleven COAs alleged in the FAC should be dismissed because they are preempted by HOLA, which, according to Wells Fargo, absolves Defendant of meeting numerous requirements under state law.  Motion to Dismiss, p. 2–4; p.5, ln. 7–9.  Notably, Wells Fargo does not address exactly **why or how** HOLA preempts Plaintiff's claims, but instead merely concludes that various categories of claims are preempted without any explanation as to the means by which HOLA preemption is grounds to dismiss ten of eleven COAs.  Motion to Dismiss, p. 5–7.

#### 1.   Loan Origination Claims Are Not Preempted.

Wells Fargo first attempts to use HOLA preemption to attack Plaintiff's first, second, eight, and ninth COAs that arise from wrongful conduct in loan origination.  Motion to Dismiss, p. 6, ln. 12–23.  Plaintiff's first and second COAs allege violations of California unfair competition law as codified at *Business &*

*Professions Code* sections 17200, et seq. ("UCL") in loan origination and servicing.  HOLA does not preempt fraud and unfair competition claims, such as claims arising under the UCL.  *Gibson v. World Savings and Loan Ass'n.* (2002) 103 Cal.App.4th 1291, 1292.  Defendant points out that HOLA preempts state law as to **terms** of credit.  Motion to Dismiss, p. 6, ln. 18; 12 C.F.R. § 560.2(b)(4). However, the UCL claims alleged in the FAC do not take issue with the terms of credit themselves, but rather the **manner** in which Wells Fargo concealed those terms in order to cause Plaintiff to execute a Loan Agreement he otherwise would not have agreed to.  FAC ¶¶ 21, 30 –32.

In fact, the Office of Thrift Supervision ("OTS") has clarified that state laws prohibiting deceptive **acts and practices** in the course of commerce are not included in the illustrative list of preempted laws in section 560.2(b) of HOLA. See "Preemption of State Laws Applicable to Credit Card Transaction ¶ IIC, Opinions of the OTS Chief Counsel, Dec. 24, 1996, 1996 WL 767462.  While state law cannot tell a bank "how it can or cannot operate," state law can insist that "however the Bank chooses to operate, it do so free from fraud and other deceptive business practices."  *Gibson v. World Savings and Loan Ass'n*, *supra*, 103 Cal.App.4th at 1299; see also *Fenning v. Glenfield, Inc.* (1995) 40 Cal.App.4th 1285.  Specifically, state laws related to tort, contract, commercial, and real property law are not preempted by HOLA.  12 C.F.R. §§ 560(a)–(c).

Here, the first COA (violation of UCL in loan origination), second COA (violation of UCL in loan servicing), eighth COA (rescission and restitution), and ninth COA (violation of *Civil Code* section 1632(B)), are all based on Wells Fargo's deceptive acts and practices arising under various tort, contract, commercial, and real property laws, and, therefore, are not preempted by HOLA. FAC.  Specifically the first COA is based on deceptive acts and practices.  FAC ¶¶ 29–40.  The second COA is also based on deceptive acts and practices.  FAC ¶¶ 55–58.  The eighth COA arises under contract law and in part is based on alleged

fraud.  FAC ¶¶ 127–134.  Finally, the ninth COA arises under contract law based on deceptive acts and practices in failing to provide loan documents in Spanish. FAC ¶¶ 138–144.  Thus, each of these COAs are exempt from HOLA preemption and Wells Fargo's motion to dismiss the first, second, eighth, and ninth COAs should therefore be overruled.

### 2.    Wrongful Foreclosure Claims Are Not Preempted.

Wells Fargo next contends that HOLA preempts the fourth, fifth, tenth, and eleventh COAs that challenge the foreclosure process. Motion to Dismiss, p. 6–7. HOLA is not actually as expansive as Defendant contends.  In fact, the HOLA and OTS regulatory preemption standards Defendant invokes do not apply to Plaintiff's wrongful foreclosure claims because HOLA does not preempt state laws that only incidentally affect lending operations of savings associations.  12 C.F.R. § 560.2(c).  Wells Fargo points out that HOLA preempts processing, origination, and servicing claims and then attempts to extend preemption to the foreclosure process as well.  Motion to Dismiss, p. 7, ln. 4–6.

Defendant's argument is directly at odds with the savings clause of 12 C.F.R 560.2(c) and inconsistent with the Seventh Circuit's decision in *In re Ocwen Loan Servicing, LLC Mortg. Servicing Lit.* (7th Cir. 2007) 491 F.3d 638. See also *Wigwood v. Wells Fargo* (7th Cir. 2012) 673 F.3d 547, 577 in which Defendant herein is a party.  HOLA gave the OTS the "exclusive authority to regulate the savings and loan industry in the sense of fixing fees, penalties, licensing requirements, prescribing certain terms in mortgages, requirements for disclosure of credit information, setting standards of processing and servicing mortgages."  *In re Ocwen Loan Servicing*, *supra*, 491 F.3d at 643.  Against this background of limited remedial authority, courts have held that HOLA and OTS regulations did not preempt suits by "persons harmed by the wrongful acts of savings and loan associations seeking basic state law remedies and we allowed state law claims like those in this case to go forward."  *Id*; see also *Wigwood*,

*supra*, 673 F.3d at 577.  Thus, HOLA only preempts applicable state laws when they could interfere with federal regulation, which Plaintiff's claims do not. *Wigwood*, *supra*, 673 F.3d at 577.

Plaintiff's fourth COA for UCL violations in the foreclosure process is specifically not preempted by HOLA because, as already discussed in section IV.A.1. above, claims based on fraud—such as UCL claims—are not preempted by HOLA.

The fifth COA alleges extensive fraudulent acts by Wells Fargo that precludes Defendant from continuing with the foreclosure process.  FAC ¶¶ 74–79.  The fifth COA for violations of the Homeowners Bill of Rights as codified at California *Civil Code* section 2923.5, et seq. ("HBOR") are similarly not preempted.  "Section 2923.5 operates substantively on lenders.  They must do things in order to comply with the law."  *Mabry v. Sup. Ct.* (2010) 185 Cal.App.4th 208, 221.  "The key text of section 2923.5—'key' because of the substantive obligation it imposes on lenders—basically says that a lender cannot file a notice of default until the lender has contacted the borrower . . .to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'"  *Id*. at 221.  *Civil Code* section 2923.5 was specifically determined not to be preempted by HOLA.  *Id*.  Under section 2923.5 the lender cannot file a notice of default until thirty days after attempting to contact the borrower and a good faith discussion of options to avoid foreclosure has taken place.  Cal. *Civ. Code* § 2923.5(a)(1).

Here, Wells Fargo, through its purported trustee NDex West, filed a notice of default on April 18, 2012 without first contacting Plaintiff in the manner described in section 2923.5 to discuss means to avoid foreclosure.  FAC ¶¶ 77–80.  Statutory compliance is a question of fact.  *Daum v. SpineCare Medical Group, Inc.* (1997) 52 Cal.App.4th 1285, 1306.  Therefore, lender compliance with

6

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

section 2923.5 cannot be resolved on a motion to dismiss given that Plaintiff's allegations of non-compliance must be assumed true.

The tenth COA to quiet title to the Subject Property in favor of Plaintiff and the eleventh COA for declaratory relief are similarly not preempted by HOLA. As already discussed in section IV.A.1. above, claims arising from fraud and sounding in tort, breach of contract, or commercial or real property violations are not preempted by HOLA.  The FAC's quiet title COA is based on Wells Fargo's alleged fraudulent conduct in origination, servicing, and the foreclosure process in seeking to wrongfully obtain the Subject Property.  FAC ¶¶ 147–150.  The COA for declaratory relief is similarly premised on alleged fraud in the foreclosure process, and is, therefore, not preempted by HOLA.  FAC 154–161.  Thus, Wells Fargo's motion to dismiss the fourth, fifth, tenth, and eleventh COAs should be overruled because HOLA preemption does not apply to the COAs.

### 3.  Bad Faith Modification Review Claims Are Not Preempted.

Wells Fargo next attempts to apply HOLA preemption to Plaintiff's third COA (UCL violations in loan servicing) and seventh COA (breach of the implied covenant of good faith and fair dealing).  As a threshold matter, Wells Fargo mischaracterizes the first and seventh COAs as being premised on loan modification denial.  Motion to Dismiss, p. 7, ln. 9–10.  In reality, both COAs allege merely that Wells Fargo did not **review** Plaintiff for a loan modification in good faith if he was even reviewed at all—the COAs do not challenge the denial in itself.  FAC ¶¶ 64, 67, 119–121.

Moreover, the third COA is premised on alleged fraudulent conduct in failing to review Plaintiff for a modification in good faith.  FAC ¶¶ 67–69.  As discussed above, claims arising from fraud and unfair competition are exempt from HOLA.  *Gibson v. World Savings & Loan Ass'n*, *supra*, 103 Cal.App.4th at 1292.  Thus, HOLA cannot preempt the third COA.  Similarly, HOLA does not preempt state laws that impose requirements under tort, contract, commercial, and

real property laws.  12 C.F.R. §§ 560(a)–(c).  Thus, the seventh COA for breach of the implied covenant of good faith and fair dealing, arising in contract, cannot be preempted by HOLA.  FAC ¶¶ 114–119.

### B.      Plaintiff Is Not Estopped From Bringing His Claims Due to An Earlier Bankruptcy Filing.

Wells Fargo next contends that judicial and equitable estoppel bar Plaintiff's claims because he did not dispute Wells Fargo's secured claim in his March 12, 2013 Chapter 7 voluntary bankruptcy petition ("Bankruptcy Petition").

First, the debtor only lists causes of action and interests in lawsuits **already filed at the time of bankruptcy** in the Schedules.  *Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 947.  Plaintiff filed his Chapter 7 Bankruptcy Petition on September March 12, 2013.  Motion to Dismiss, p. 8, ln. 4.  Plaintiff filed the instant lawsuit on October 3, 2013.  Therefore, this lawsuit was not pending when Plaintiff filed his Bankruptcy Petition and contrary to Defendant's claim, Plaintiff did not need to, nor could have, listed any causes of action or interests in this lawsuit in the Schedules before this lawsuit was even filed.

Second, even assuming *arguendo* that this litigation was pending and should have been listed in Schedule B of the Petition, judicial estoppel still would not apply.  Judicial estoppel merely prevents a party from pleading one theory successfully and later pleading an **inconsistent** theory successfully **without a good explanation**.  *New Hampshire v. Maine* (2001) 532 U.S. 742, 749.  Furthermore, even if judicial estoppel applied—which it does not here—the doctrine is **purely discretionary** and based on a number of factors.  *Id*. at 750–51.  Here, Plaintiff never pled two different, inconsistent positions regarding Defendant's RESPA violations.  Moreover, Plaintiff disputes that he was aware of his claim against Wells Fargo when he filed the Bankruptcy Petition.  Motion to Dismiss, p. 9, 14–17.  In fact, and contrary to Defendant's assertion, the FAC explicitly states that Plaintiff's claims were concealed due to Wells Fargo's

fraudulent acts and omissions.  FAC ¶¶ 21–24.  In fact, the first through fourth COAs are explicitly premised on Defendant's fraud.  The Motion to Dismiss also claims that equitable estoppel also bars Plaintiff's claims but provides no further explanation as to how equitable estoppel applies here.  Motion to Dismiss, p. 8, ln. 1.  Thus, Wells Fargo fails to meet all necessary elements for judicial estoppel to apply and the Motion to Dismiss should be overruled in its entirety.

### C.    A Prior Class Action Settlement Does Not Bar Plaintiff's Claims.

Wachovia, Wells Fargo's predecessor in interest, entered into a class action settlement by Order dated May 17, 2011.  See Wells Fargo's Request for Judicial Notice filed December 24, 2013, Exhibit "O".  Defendant contends that Plaintiff was a party to the class action settlement, did not excuse himself from the settlement class, and therefore his claims against Wells Fargo are barred by res judicata.  Motion to Dismiss, p. 11, ln. 15–27.

The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same claims. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency* (9th Cir. 2003) 322 F.3d 1064, 1077. Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Id.* To preclude monetary claims in a later suit by unnamed absent members of a Rule 23(b)(3) class who did not opt out of an earlier class action, **it must be shown that they received individual notice** as required.  *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). A class action is res judicata to the claims of class members who did not opt out, **unless their interests were not adequately represented**.  *Hansberry v. Lee* (1940) 311 U.S. 32, 42-43.

While Plaintiff received a Pick-A-Payment loan from Wells Fargo's predecessor in interest World Savings between August 1, 2003 and December 31, 2008, Plaintiff is informed and believes that he did not receive notice of the class

action at any time, a necessary element to opt out of a class action settlement.  In addition, Plaintiff was not contacted and has not received anything regarding the benefit of the class action and/or a potential loan modification or loan modification review. Moreover, Plaintiff does not speak English and would therefore be incapable of understanding his right to opt out of any class action settlement had he even received such notice—which he alleges he did not.  Thus, Plaintiff's claims should not be barred by res judicata.

Further, a claim arising after the date of an earlier judgment is not barred even if it arises out of a continuing course of conduct that provided the basis for the earlier claim. *Frank*, *supra*, 216 F.3d at 851. The class action judgment was entered on May 17, 2011. Plaintiff's claims were not discovered until years later, and many of Plaintiff's claims continue to accrue, especially those related to servicing and wrongful foreclosure.  Wells Fargo even acknowledges that res judicata would only apply to those claims arising in loan origination.  Motion to Dismiss, p. 11, ln. 25–28.  Thus, Plaintiff's claims did not arise until after the judgment was entered and final and, therefore, are not barred by res judicata. Therefore the motion to dismiss the first, second, eighth, and ninth COAs on grounds of res judicata should be overruled.

### D.   The First COA for Fraud In Loan Origination Is Sufficiently Pleaded To Withstand A Motion To Dismiss.

Wells Fargo specifically challenges the first COA for fraud in origination under the UCL on grounds that the claim is: (1) not pleaded with sufficient particularity; (2) is time barred; and (3) because Wells Fargo owes no duty to Plaintiff.  Each of these arguments are without merit because Defendant misconstrues Plaintiff's claims to make its arguments and also overlook the applicable pleading standard for fraud under the UCL.

First, Wells Fargo claims that the first COA is not pleaded with sufficient particularity to survive a motion to dismiss.  Motion to Dismiss, p. 12, ln. 26–28;

p. 13, ln. 1–13.  Defendant argues that because Federal Rule of Civil Procedure 9(b)'s particularity requirement for fraud applies, that Plaintiff necessarily fails to sufficiently plead fraud under the UCL.  Motion to Dismiss, p. 12, ln. 27–28.  Defendant fails to recognize that even if Plaintiff must plead fraud with particularity, **the actual elements that must be pled under the UCL are different than common law fraud**.  Under the UCL, Plaintiff need not allege intent, scienter, actual reliance, damage, or even actual deception.  *Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144, 1167; *People v. Orange County Charitable Servs.* (1999) 74 Cal.App.4th 1054, 1076.  A business practice is fraudulent under the UCL simply if "members of the public are likely to be deceived."  *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211.

Here, the FAC alleges Wells Fargo misrepresented the possibility of negative amortization under the Loan Agreement as a pick-a-pay loan, failed to disclose that the initial interest rate would certainly cause negative amortization to accrue, failed to disclose that the initial monthly payments were not even interest-only, misrepresented Plaintiff's income to qualify him for the Loan Agreement, that Plaintiff was deceived, and that the public was deceived.  FAC ¶¶ 21, 33–40.  Thus, the FAC satisfies the pleading standard for fraud under the UCL.

Second, the Motion to Dismiss argues that the first COA is time barred because a misrepresentation concerning the Loan Agreement took place in 2006 so that the statute of limitations expired in 2009.  Motion to Dismiss, p. 13, ln. 15–18.  This is false—as alleged in the FAC, Plaintiff did not discover any fraud in loan origination until 2012, nor could he have discovered said fraud because he did not speak English, yet the loan documents were only provided in English and also because of conflicting information between the original sale price and subsequent notices of trustee's sales.  FAC ¶¶ 29–30.  He was not aware of the adverse consequences of the Loan Agreement's terms at time of signing, nor

could he have been aware, as Defendant's Agent pressured him to sign the Loan Agreement and rushed him through the closing process.  FAC ¶ 20.  Nowhere does the FAC allege that Plaintiff knew of the fraudulent acts and omissions that occurred during loan origination at the actual time of signing.

Furthermore, the statute of limitations for claims arising under the UCL does not begin to run until "the time a reasonable person would have discovered the basis for a claim."  *Massachusets Mutual Life Ins. Co. v. Sup. Ct.* (2002) 97 Cal.App.4th 1282, 1295.  Here, the FAC alleges Plaintiff did not suspect fraud in origination until he received a notice of trustee's sale in 2012.  FAC ¶ 30.  Plaintiff filed the original Complaint on October 3, 2013.  Thus, Plaintiff's UCL claims are within the statute of limitations and Defendant's argument is without merit.

Third, and contrary to Wells Fargo's assertions, Plaintiff need not even allege duty or breach thereof to state a viable fraud claim under the UCL.  Motion to Dismiss, p. 13, ln. 24–27.  Defendant cites *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835 for the proposition that the defendant's duty to the plaintiff is an element of fraud.  Motion to Dismiss, p. 13, ln. 21–23.  However, in *OCM*, the plaintiff brought a claim for common law fraud, not fraud under the UCL.  *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 843.  As already discussed above, a fraud claim under the UCL only requires a showing that the public is likely to be deceived.  *Committee on Children's Television*, *supra*, 35 Cal.3d at 211.  Thus, Defendant's argument that the FAC fails to allege duty or breach is wholly irrelevant to Plaintiff's UCL claim for wrongful conduct in loan origination and the motion to dismiss the first COA should therefore be overruled.

### E.   The Second, Third, and Fourth COAs for UCL Violations Are Sufficiently Pleaded To Withstand a Motion to Dismiss.

Defendant next argues that the UCL claims arising under *Business & Professions Code* section 17200 are barred by res judicata, are time barred, and are not sufficiently pleaded.  Motion to Dismiss, p. 14, ln. 18, 24; p. 15, ln. 11. Wells Fargo's arguments echo arguments made elsewhere in their motion to dismiss, which, as addressed above, have already been shown to be without merit.

Wells Fargo first argues that the second COA for UCL violations in loan origination is barred by the *Mandrigues* class action settlement.  Motion to Dismiss, p. 14, ln. 18–23.  However, as discussed in section IV.C. above, to preclude monetary claims in a later suit by unnamed absent members of a Rule 23(b)(3) class who did not opt out of an earlier class action, **it must be shown that they received individual notice** as required.  *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). A class action is res judicata to the claims of class members who did not opt out, **unless their interests were not adequately represented**.  *Hansberry v. Lee* (1940) 311 U.S. 32, 42-43.  Further, a claim arising after the date of an earlier judgment is not barred even if it arises out of a continuing course of conduct that provided the basis for the earlier claim.  *Frank, supra*, 216 F.3d at 851.

Plaintiff is informed and believes that he did not receive notice of the class action settlement at any time, a necessary element to opt out of a class action settlement.  In addition, Plaintiff was not contacted and has not received anything regarding the benefit of the class action and/or a potential loan modification. Moreover, Plaintiff does not speak English and would therefore be incapable of understanding his right to opt out of any class action settlement had he even received such notice—which he alleges he did not.  Thus, Plaintiff's claims should not be barred by res judicata.  Moreover, Wells Fargo's continuing course of

conduct necessitated the instant lawsuit, so Plaintiff's claim should not be barred by res judicata under *Frank*.

Wells Fargo also argues that the second COA is time-barred based on a four year statute of limitations for claims arising under the UCL. Motion to Dismiss, p. 15, ln. 25–28. As also discussed in section IV.D. above, Defendant's contention is false—as alleged in the FAC, Plaintiff did not discover any fraud in loan origination until 2012, nor could he have discovered said fraud because he did not speak English yet the loan documents were only provided in English and also because of conflicting information between the original sale price and subsequent notices of trustee's sales. FAC ¶¶ 29–30. He was not aware of the adverse consequences of the Loan Agreement's terms at time of signing, nor could she have been aware, as Defendant's Agent pressured him to sign the Loan Agreement and rushed her through the closing process. FAC ¶ 20. Nowhere does the FAC allege that Plaintiff knew of the fraudulent acts and omissions that occurred during loan origination at the actual time of signing.

Furthermore, the statute of limitations for claims arising under the UCL does not begin to run until "the time a reasonable person would have discovered the basis for a claim." *Massachusets Mutual Life Ins. Co. v. Sup. Ct.* (2002) 97 Cal.App.4th 1282, 1295. Here, the FAC alleges Plaintiff did not suspect fraud in origination until he received a notice of trustee's sale in 2012. FAC ¶ 30. Plaintiff filed the original Complaint on October 3, 2013. Thus, Plaintiff's UCL claim is brought within the statute of limitations and Defendant's argument is without merit.

Finally Wells Fargo argues that the second, third, and fourth claims for UCL violations are not pleaded with sufficient particularity **to the extent they are based on fraud**. As already shown in section IV.D. above, the actual elements that must be pleaded under the UCL are different than common law fraud. Under the UCL, Plaintiff need not allege intent, scienter, actual reliance, damage, or even

actual deception.  *Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144, 1167; *People v. Orange County Charitable Servs.* (1999) 74 Cal.App.4th 1054, 1076.  A business practice is fraudulent under the UCL simply if "members of the public are likely to be deceived."  *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211.

Moreover, conduct violates the UCL not only if it is fraudulent, but **also if the conduct is unlawful or unfair**.  Cal. *Bus. & Prof. Code* § 17200; *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163 (only one prong of the UCL need be satisfied to state a claim).  The FAC alleges that Wells Fargo engaged in a variety of unlawful conduct.  FAC ¶¶ 51, 69, 80.  The FAC alleges that Wells Fargo habitually engaged in unfair conduct.  FAC ¶¶ 52, 67, 79.  However, the Motion to Dismiss only challenges the UCL claims on grounds that **fraud** is not pleaded with sufficient particularity.  Thus, even if fraud were not sufficiently pleaded, the facts alleged in the FAC are more than sufficient to state claims for UCL violations based on unfair and unlawful conduct.

## F.   The Fifth COA For Wrongful Foreclosure Is Meritorious.

Wells Fargo moves to dismiss the fifth COA for wrongful foreclosure based on *Civil Code* section 2923.5 violations because **Plaintiff contacted Wells Fargo** to discuss a modification; however, Defendant's argument completely ignores section 2923.5's requirements.  Under section 2923.5, a portion of HBOR, the servicer, through its trustee, cannot record a notice of default ("NOD") until thirty (30) days after **contacting the borrower** to discuss options to avoid foreclosure or, if the servicer is unable to reach the borrower, thirty (30) days after satisfying various due diligence requirements identified in section 2923.5(e).  Cal. *Civ. Code* § 2923.5(a)(1)(A).

Plaintiff alleges that Defendant, through its trustee, recorded a NOD before contacting Plaintiff to discuss options to avoid foreclosure—a violation of *Civil Code* section 2923.5.  FAC ¶¶ 85–86.  Plaintiff further alleges that Defendant did

not alternatively satisfy the due diligence requirements of section 2923.5(e), and therefore, Defendant has no authority to foreclose.  FAC ¶¶ 87–88.

The Motion to Dismiss essentially argues that it satisfied the requirements of section 2923.5 because **Plaintiff contacted Defendant**.  Motion to Dismiss, p. 16, ln. 6–9.  However, both section 2923.5 and Defendant's own case authority indicate that **Defendant must contact Plaintiff**, not vice versa.  Defendant cites *Newman v. Bank of N.Y. Mellon* (E.D. Cal. March 20, 2012) 2013 U.S. Dist. LEXIS 52487, for the proposition that a court should dismiss the borrower's section 2923.5 COA when the Complaint alleges mere conclusions.  Motion to Dismiss, p. 16, ln. 21–28.  Yet in *Newman*, the court noted that the Plaintiff did not even allege that the Defendant Bank of America failed to meet the attempted contact requirements in section 2923.5 and that Bank of America specifically did not discuss alternatives to foreclosure.  *Newman v. Bank of N.Y. Mellon* (E.D. Cal. March 20, 2012) 2013 U.S. Dist. LEXIS 52487, at **31–32.  Even then, the *Newman* court noted that the complaint was clear enough in stating that neither the borrower's financial situation nor alternatives to foreclosure were discussed, so that the Court granted Plaintiff leave to amend.  *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 52487 at *33.

Here, Plaintiff alleges that he initiated all contact with Wells Fargo and that Wells Fargo failed to properly contact him to assess his financial situation.  FAC ¶ 88.  Wells Fargo did not meet any of the specific notice requirements under section 2923.5 that are also specifically outlined in the FAC.  FAC ¶¶ 86–87.  Defendant claims it can proceed with the foreclosure process because Plaintiff "discussed a loan modification with Wells Fargo" but this argument is disingenuous in that Defendant is required to reach out to Plaintiff under the procedures set forth in section 2923.5.  Therefore, Defendant's Demurrer should be overruled.

### G.     The Sixth COA For RESPA Pleads Sufficient Damages.

Defendant next contends that the FAC does not sufficiently plead violations of the Real Estate Settlement Procedures Act ("RESPA") violations because Plaintiff does not plead damages caused by Defendant's violations of RESPA. Motion to Dismiss, p. 17, ln. 19–21.

Defendant seems to overlook the clear allegations in the FAC to make its argument that Plaintiff alleges no damages.  As a threshold matter, "'courts have interpreted th[e] requirement [to plead pecuniary loss under RESPA] liberally." *Allen v. United Fin. Mortg. Corp.* (N.D. Cal. 2009) 660 F. Supp. 2d 1089, 1097 (alterations in original) (quoting *Greenpoint Mortg. Funding, Inc.* (E.D. Cal. Sept. 9, 2009) No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at *15).   For example, "[p]laintiffs [have] pl[ed] such a loss by claiming that they had suffered negative credit ratings as a result of violations of RESPA." *Id.* (citing *Hutchinson v. Del. Sav. Bank FSB* (D.N.J. 2006) 410 F. Supp. 2d 374, 383.

Here, the FAC alleges Plaintiff sent a Qualified Written Request ("QWR") to Wells Fargo on May 13, 2013, as authorized under RESPA.  Defendant failed to comply with 12 U.S.C. § 2605(e)(3) when it reported Plaintiff's overdue payments to consumer reporting agencies within the proscribed 60-day period. FAC ¶¶ 108–109; 12 U.S.C. § 2605(e)(3).  Defendant also failed to comply with RESPA by failing to respond to the QWR with a breakdown of fees, penalties, and interest incurred that Plaintiff now disputes.  FAC ¶ 106.  Finally, Defendant failed to provide documents that Plaintiff contends were induced by fraud.   FAC ¶ 100.  Plaintiff has, therefore, suffered damages in the form of fees and penalties that Plaintiff claims were improper but that Plaintiff cannot verify because Wells Fargo has refused to comply with the QWR.  FAC ¶¶ 106–107.  Thus, Wells Fargo's RESPA violation has caused ongoing damages to Plaintiff in that he cannot dispute the amount of default or associated costs and his credit has been damaged so that his ability to obtain additional credit and salvage his home has

been destroyed.  FAC ¶ 109.  Therefore, the FAC alleges pecuniary damages with sufficiency to survive a motion to dismiss.

### H.     The Seventh COA For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Is Sufficiently Pleaded.

Wells Fargo contends that Plaintiff cannot state a COA for breach of the implied covenant of good faith and fair dealing because Plaintiff is not entitled to a modification under the Home Affordable Modification Program ("HAMP"). Motion to Dismiss, p. 18, ln. 12–13.  Defendant completely misstates the allegations in the FAC to make this argument and fails to acknowledge that each and every element for a COA for breach of the implied covenant is satisfied.

The FAC does not claim any **requirement** under HAMP that Wells Fargo simply give Plaintiff a modification.  The FAC merely alleges that Defendant did not **review** Plaintiff for a HAMP modification in good faith.  FAC ¶¶ 119–121.

The Motion to Dismiss argues at length that Defendant is not required to grant a modification and that borrowers have no private right of action under HAMP itself.  Motion to Dismiss, p. 19, ln. 6–19.  Defendant's argument is not relevant though—the FAC does not allege anywhere that HAMP requires Defendant to grant a modification.  The gravamen of the FAC is not that Defendant failed to **approve** Plaintiff, but rather failed to **review** Plaintiff either under HAMP or **any other modification program**.  FAC ¶¶ 119–121.  Therefore, Plaintiff has properly pled this COA and Defendant's Demurrer should be overruled.

### I.     The Eighth COA For Reformation Is Sufficiently Pleaded.

Defendant next argues that Plaintiff's COA for reformation and restitution is: (1) not sufficiently pleaded and (2) fails to allege tender.  Wells Fargo first claims that Plaintiff fails to allege fraud giving rise to a reformation claim. Motion to Dismiss, p. 20, ln. 9–10.  In reality, the FAC specifically alleges that the Loan Agreement serviced by Wells Fargo was procured by fraud.  FAC ¶¶

130, 133.  Second, the Plaintiff need not allege tender as Plaintiff is not required to allege tender where the action attacks the validity of the underlying debt, since it would constitute an affirmation of the debt.  *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424.  Plaintiff would invalidate many of his own COAs if he affirms the validity of the underlying debt.  Moreover, tender may not be required if it would subject Plaintiff to injustice and hardship, and if his right to attack the sale were made dependent upon an offer to pay the whole debt.  *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.

**J.**     **Wells Fargo Can Be Liable For Violating *Civil Code* § 1632.**

Wells Fargo alleges that Plaintiff cannot state a claim for *Civil Code* section 1632 violations because the remedy for failure to provide a written translation of the Loan Agreement requires that the plaintiff return the borrowed funds and because Wells Fargo is not a real estate broker.  Motion to Dismiss, p. 22, ln. 9–10, ln. 24–26.  However, the statute actually provides that the person with whom the consumer made the contract may make restitution to the lender and when the loan is transferred, the purchaser can recover restitution from the assignor.  Cal. *Civ. Code* § 1632(k).  Thus, Plaintiff need not allege restitution.

Furthermore, while Wells Fargo may not have been the original lender, under *Civil Code* section 1632 can apply to Wells Fargo based on *Business & Professions Code* section 10240(d).  There, a real estate broker is defined as someone who "negotiates loans **or collects payments or performs services for borrowers or lenders or note owners** in connection with loans secured directly . . . by liens on real property."  Cal. *Bus. & Prof.* Code § 10240(d) (emphasis added).  Here, Wells Fargo is the servicer of Plaintiff's loan and collects payments and performs services in that capacity.  FAC ¶¶ 4, 12–13.  Thus, contrary to Defendant's assertions, Wells Fargo can be liable for failing to meet the translation requirements of *Civil Code* section 1632.  Therefore, Plaintiff has properly pled this COA and Defendant's Demurrer should be overruled.

**K.     Plaintiff Properly Pleads The Tenth COA for Quiet Title.**

Defendant argues that the FAC fails to adequately plead a COA for quiet title because: (1) Plaintiff does not plead underlying fraud with sufficient particularity; and (2) Plaintiff does not allege tender.  Motion to Dismiss, p. 23, ln. 12–25.

## V.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Wells Fargo's Motion to Dismiss the FAC, set a date by which Defendant must answer the FAC, and further set this case for trial.   In the alternative, Plaintiff requests that the Court allow Plaintiff sufficient time to amend his FAC to allege additional facts sufficient to plead inadequately pled causes of action against Wells Fargo.


Dated: February 18, 2014        CONSUMER LITIGATION LAW CENTER, APC


BY:   __/s/ Sholi Goodman_____
                September J. Katje, Esq.
                Sholi Goodman, Esq.
                Attorneys for Plaintiff, PEDRO SORIANO